E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Chief, Corporate & Securities Fraud Strike Force
    United States Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3561
    E-mail:    brett.sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 22-173-CJC |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO PRE-SENTENCE REPORT AND GOVERNMENT'S POSITION RE: SENTENCING FOR DEFENDANT VARUN AGGARWAL |
| v. | |
| VARUN AGGARWAL, | |
| Defendant. | Hearing Date: March 7, 2024<br>Hearing Time: 11:00 a.m. |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brett A. Sagel, hereby files its response to the Pre-Sentence Report and its position regarding sentencing for defendant VARUN AGGARWAL.

///

The Government's sentencing position and response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 16, 2024             Respectfully submitted,

                                     E. MARTIN ESTRADA
                                     United States Attorney

                                     MACK E. JENKINS
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                           /s/
                                     BRETT A. SAGEL
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On August 21, 2023, defendant VARUN AGGARWAL ("defendant") pled guilty to count one of a three-count indictment, charging defendant with wire fraud, in violation of 18 U.S.C. § 1343.  The United States Probation Office ("USPO") disclosed its Presentence Report ("PSR") and Recommendation Letter to the parties on February 1, 2024.  The USPO determined defendant's total offense level to be 20, and he is a criminal history category I, resulting in a range of imprisonment of 33-41 months.  The USPO recommends that defendant receive a sentence of twenty-four months' imprisonment, pay restitution in the amount of $2,729,717.91, with an immediate payment of $600,000, and three years of supervised release.

The Government has no objections to the factual statements in the PSR, the sentencing guideline calculation, or the calculation of criminal history category.  For the reasons set forth below, the Government believes the Court should sentence defendant to a custodial sentence of twenty-seven months and order defendant to pay restitution in the amount of $2,729,717.91.

**II.  FACTUAL BACKGROUND**

A.  Plea Agreement

Defendant admitted to the following facts pursuant to the factual basis of his plea agreement:

Defendant VARUN AGGARWAL is a resident of Irvine, California. From approximately in or about 2008 through in or about January 2022, defendant worked in the internal auditing department of KBS Realty Advisors ("KBS"), located in Newport Beach, California.  Defendant rose to the position of Director of Internal Auditing and used the

title of Chief Audit, Compliance, and IT Officer.  Beginning at least as early as in or around January 2012, and continuing through in or around January 2022, in Orange County, within the Central District of California, and elsewhere, defendant, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud KBS as to material matters, and to obtain money and property from KBS by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

Defendant operated and carried out the fraudulent scheme as follows.  Based on working in KBS's internal auditing department, defendant used his knowledge of KBS's policies and procedures to have companies owned by his friends and family members serve as approved vendors for KBS doing contracting work.  The approved vendors owned and controlled by defendant's friends and family members included, but were not limited to, the following companies: Total Ethics; Mjam Studios LLC; Harison & Sons; Jehovah Media, Inc.; and Workforce Now. After KBS approved these companies as vendors to do legitimate consulting services, defendant caused the approved vendors to submit invoices to KBS for consulting services that were not in fact performed or for an inflated amount so that defendant could receive a portion of the invoices.  In so doing, defendant caused KBS to pay funds based on the amounts listed on the invoices to the approved vendors, and then the approved vendors forwarded most of the funds to defendant.  In carrying out this scheme, defendant fraudulently obtained approximately $2,729,717.91 from KBS that defendant caused KBS to pay to the approved vendors that ultimately went to defendant. On or about the July 9, 2020, within the Central District of California and elsewhere, for the purpose of executing the scheme to

defraud, defendant caused the transmission of the following item by means of wire and radio communication in interstate and foreign commerce: defendant deposited into his Chase Bank Account x1408 a check in the amount of $20,436 from Mjam Studios LLC through Chase QuickDeposit that resulted in the electronic settlement of funds between servers of the bank in multiple states.

     B.    Defendant's Post-Arrest Conduct

After being charged in this case, defendant immediately began to accept responsibility for his conduct and met with the government in an attempt to cooperate regarding other criminal activity.  Defendant met with Government agents and under a proffer agreement admitted to his conduct as well as provided information about other potential criminal conduct of which he was aware.  Defendant's statements appeared truthful and complete, and even corroborated by additional evidence the government gathered; however, due to attorney-client privilege issues and other criteria, the government decided not to pursue any further investigation into the information defendant provided.  Moreover, defendant's early cooperation and plea agreement, including his willingness to forfeit any claim to seized property and agreement to an order of forfeiture, also provided substantial assistance to the Government and saved considerable resources.

**III. SENTENCING RECOMMENDATION**

     A.    <u>**The Government's Guideline Calculation**</u>

The Government submits that the following guideline calculation applies in the sentencing of defendant:

```
Base Offense Level:           7        U.S.S.G. § 2B1.1(a)(1)
Loss greater than $1.5M:    +16       U.S.S.G. § 2B1.1(b)(1)(I)
```

| | | |
|---|---|---|
| Abuse of Position of Trust: | +2 | U.S.S.G. § 3B1.3 |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Zero-Point Offender: | -2 | U.S.S.G. § 4C1.1 |
| Total Offense Level: | 20 | |

A criminal history category of I and a total offense level of twenty, yields an advisory sentencing range of 33-41 months' imprisonment. Based on defendant's attempt to cooperate, his early acceptance of responsibility, his agreement to not contest forfeiture of assets seized, and the mitigating factors outlined by the USPO, the government recommends a two-level variance/departure based on a combination of 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. As a result, defendant's advisory sentencing range is 27-33 months imprisonment.

B. **The Government's Recommended Sentence**

The advisory Sentencing Guidelines are the starting point for sentencing. Gall v. United States, 552 U.S. 38, 49 & n.6 (2007). Pursuant to 18 U.S.C. § 3553(a), the court should "impose a sentence sufficient, but not greater than necessary," to comply with the enumerated purposes of sentencing. With the starting point the advisory guideline range of 27-33 months' imprisonment, the government believes based on the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence, a sentence of 27 months, the low-end of the advisory range, is appropriate, just, and not greater than necessary to achieve the goals of sentencing.

4

Although defendant's post-arrest attempts at rehabilitation are admirable, and the Court can and should consider defendant's various mitigating factors as detailed by the USPO, a custodial sentence is necessary to adequately account for defendant's criminal conduct that spanned a decade, caused losses of over $2.7 million, and violated the trust placed in defendant by his employer.  Defendant was not driven to commit his crimes by need, desperation, or the inability to legitimately earn a living.  Despite the advantages defendant enjoyed -- including a first-rate education and a well-compensated professional career -- defendant chose to commit the underlying criminal conduct causing great losses and abusing his position of trust over a lengthy period of time.  A sentence of 27 months' imprisonment is both reasonable and appropriate in this case, and is sufficient, but not greater than necessary, to achieve the goals of 18 U.S.C. § 3553(a).

**IV.  CONCLUSION**

The Court should sentence defendant to 27 months' imprisonment, pay restitution to KBS Realty Advisors in the amount of $2,729,717.91, pay a special assessment of $100, place defendant on supervised release for three years with the conditions set forth by the USPO.